IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2006 MAY -5 P 12: 35

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

CURTIS TORBERT, an individual, )
)
     **Plaintiff,** )
)
**v.** ) CIVIL ACTION NO.:_____
)
) 2:06CV 410 - WKW
**MERCK & CO., INC.,** a New Jersey )
corporation; )
)
     **Defendant.** )

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff, CURTIS TORBERT, an individual, (hereinafter "PLAINTIFF"), by and through his counsel of record, alleges in his complaint against the Defendant, MERCK & CO., INC.

## STATEMENT OF THE PARTIES

1.  Plaintiff, CURTIS TORBERT, at all times relevant hereto, has resided in Alabama and took the brand-name prescription drug, Vioxx.

2.  Upon information and belief, Defendant, Merck & Co., Inc., (hereinafter "MERCK"), was and is a pharmaceutical company incorporated under the laws of the State of New Jersey with its principal place of business in New Jersey. Defendant, MERCK, was and is in the business of profiting from the design,

manufacture, marketing, distribution and/or sales of the brand-name prescription drug, Vioxx (rofecoxib).

## FACTUAL ALLEGATIONS

3.  This action arises from the sales and efficacy of Vioxx.  Vioxx is a selective COX-2 inhibitor marketed by the Defendant, MERCK, as an anti-inflammatory analgesic.

4.  Defendant distributed, prescribed and/or sold Vioxx to consumers such as the Plaintiff.

5.  Despite knowledge in its clinical trials and post-marketing reports, studies and information relating to cardiovascular-related adverse health effects, the Defendant promoted, marketed, distributed and/or prescribed Vioxx as safe and effective for persons such as the Plaintiff.

6.  Defendant concealed the serious cardiovascular risks associated with Vioxx.

7.  If the Defendant had not engaged in this conduct, prescribers such as Plaintiff's treating physicians would not have prescribed Vioxx and patients, such as the Plaintiff, would have switched from Vioxx, to safer products or would have refrained wholly from any use of Vioxx.

8.      Defendant engaged in a common scheme in marketing, distributing, prescribing and/or selling Vioxx under the guise that it was safe and efficacious for persons such as the Plaintiff.

9.      Plaintiff alleges that the suppression of this information constituted a common scheme by the Defendant to conceal material information from the Plaintiff.

10.     Plaintiff alleges that the marketing strategies, including without limitation the detail and sampling programs and direct-to-consumer advertising, of the Defendant targeted the Plaintiff to induce the Plaintiff to purchase Vioxx. At the time the Defendant manufactured, marketed, distributed and/or sold Vioxx, the Defendant intended that the Plaintiff would rely on the marketing, advertisements and product information propounded by the Defendant.

11.     The actions of the Defendant, in failing to warn of the clear and present danger posed to others by the use of its' drug, Vioxx, in suppressing evidence relating to this danger, and in making deliberate and misleading misrepresentations of fact to minimize the danger or to mislead prescribers and patients as to the true risk, constitutes such clear, blatant and outrageous conduct as to warrant the imposition of exemplary damages against the Defendant.

## COUNT I: NEGLIGENCE

12.     Plaintiff restates each and every preceding allegation of this Complaint and incorporate each by reference as though set forth in full herein.

13.   Defendant, directly or indirectly, negligently manufactured, designed, tested, labeled, packaged, distributed, promoted, marketed, advertised, or sold Vioxx, in the stream of commerce, when the Defendant knew, or in the exercise of ordinary care, should have known that Vioxx posed a significant risk to the Plaintiff's health and well-being, which risk was not known to the Plaintiff or his prescribers.

14.   At all times material hereto, the Defendant had a duty to the Plaintiff to exercise reasonable care in the design, testing, labeling, packaging, distribution, promotion, marketing, advertisement, sampling or sale of Vioxx.

15.   Defendant breached its' duty and was negligent in its' actions, misrepresentations, and omissions toward the Plaintiff in that the Defendant:

   a.   Failed to include adequate warnings with the medications that would alert the Plaintiff and other consumers to the potential risks and serious side effects of Vioxx ingestion;

   b.   Failed to include adequate information or warnings with the medication that would alert the Plaintiff and the health care community to refrain from use of Vioxx without first prescribing traditional NSAIDs such as naproxen or ibuprofen;

   c.   Failed to adequately and properly test Vioxx before and after placing it on the market;

d.    Failed to conduct sufficient testing on Vioxx which, if properly performed, would have shown that Vioxx had serious side effects, including, but not limited to the cardiovascular events;

e.    Failed to adequately warn the Plaintiff and his health care providers that use of Vioxx carried a risk of cardiovascular events, stroke and death; among other serious side effects;

f.    Failed to provide adequate post-marketing warnings or instructions after the Defendant knew or should have known of the significant risks of personal injury and death as identified herein among other serious side effects from the use of Vioxx;

g.    Failed to adequately warn the Plaintiff that Vioxx should not be used in conjunction with any risk factors for these adverse effects such as a family history of ischemic heart disease, or risk factors for ischemic cardiovascular disease;

h.    Failed to adequately disclose and warn the Plaintiff that he undertook the risk of adverse events and death as described herein;

i.    Failed to adequately and timely inform the health care industry of the risks of serious personal injury and death from Vioxx ingestion.

16.    Defendant knew or should have known that Vioxx caused unreasonably dangerous risks and serious side effects, including death, of which the Plaintiff would not be aware. The Defendant nevertheless advertised, marketed, sold and distributed the drug knowing that there were safer methods and products.

17.   As a direct and proximate result of the negligence and breach of the Defendant,
      the Plaintiff sustained serious injuries. The Defendant owed a duty to the Plaintiff
      to use reasonable care in its' actions.

### COUNT II: NEGLIGENT FAILURE TO WARN

18.   Plaintiff restates each and every preceding allegation of this Complaint and
      incorporate each by reference as though set forth in full herein.

19.   Vioxx was not accompanied by appropriate warnings of the increased risk of
      adverse side effects caused by the ingestion of Vioxx.

20.   Defendant negligently failed to warn consumers who took Vioxx that it was
      dangerous.

21.   Defendant's negligence was the proximate cause of the harm suffered by the
      Plaintiff.

22.   As a direct and proximate cause of Defendant's negligence:
      a.    Plaintiff suffered personal injuries;
      b.    Plaintiff suffered economic loss; and
      c.    Plaintiff expended, and will in the future be required to expend, fair and

reasonable expenses for necessary health care, attention and services and incurred incidental and related expenses.

## COUNT III: MISREPRESENTATION AND SUPPRESSION

23.   Plaintiff restates each and every preceding allegation of this Complaint and incorporate each by reference as though set forth in full herein.

24.   Defendant misrepresented to the Plaintiff and the health care industry the safety and effectiveness of Vioxx and/or fraudulently, intentionally and/or negligently concealed material information, including adverse information regarding the safety and effectiveness of Vioxx.

25.   Defendant made misrepresentations and actively concealed adverse information at a time when the Defendant knew, or should have known, that Vioxx had defects, dangers, and characteristics that were other than what the Defendant had represented to the Plaintiff and the health care industry generally. Specifically, Defendant misrepresented to and/or actively concealed from the Plaintiff, the health care industry and consuming public that:

   a.   Vioxx had statistically significant increases in cardiovascular side effects which could result in serious injury or death;

   b.   There had been insufficient and/or company-spun studies regarding the safety and efficacy of Vioxx before and after its' product launch;

c.     Vioxx was not fully and adequately tested for the cardiovascular side effects at issue herein;

d.     Other testing and studies showed the risk of or actual serious adverse risks;

e.     There was a greatly increased risk of such cardiovascular events and death.

26.     The misrepresentations of and/or active concealment alleged were perpetuated directly and/or indirectly by the Defendant.

27.     Defendant knew or should have known that these representations were false and made the representations with the intent or purpose that the Plaintiff would rely on them, leading to the use of Vioxx.

28.     At the time of the Defendant's fraudulent misrepresentations, the Plaintiff was unaware of the falsity of the statements being made and believed them to be true. Plaintiff had no knowledge of the information concealed and/or suppressed by the Defendant.

29.     Plaintiff justifiably relied on and/or was induced by the misrepresentations and/or active concealment and relied on the absence of safety information which the Defendant did suppress, conceal or failed to disclose to Plaintiff's detriment.

30.    Defendant had a post-sale duty to warn the Plaintiff and the public about the potential risks and complications associated with Vioxx in a timely manner.

31.    The misrepresentations and active fraudulent concealment by the Defendant constitutes a continuing tort against the Plaintiff, who ingested Vioxx.

32.    Defendant made the misrepresentations and actively concealed information about the defects and dangers of Vioxx with the intention and specific desire that Plaintiff's health care professionals and the consuming public would rely on such or the absence of information in selecting Vioxx as treatment.

33.    As a direct and proximate result of the fraudulent acts and omissions, suppression and misrepresentation of the Defendant, Plaintiff suffered significant and ongoing injury and damages.

## COUNT IV: BREACH OF WARRANTY

34.    Plaintiff restates each and every preceding allegation of this Complaint and incorporate each by reference as though set forth in full herein.

35.    When the Defendant placed Vioxx into the stream of commerce, the Defendant knew of the use for which it was intended and expressly and impliedly warranted to the Plaintiff that use of Vioxx was safe and acceptable means of treatment.

36.   Plaintiff reasonably relied upon the expertise, skill, judgment and knowledge of the Defendant and upon the express and/or implied warranty that Vioxx was of merchantable quality and fit for use as intended.

37.   Vioxx was not of merchantable quality and was not safe or fit for its intended use because it was and continues to be unreasonably dangerous and unfit for the ordinary purposes for which it is used in that it caused injury to the Plaintiff. Defendant breached the warranty because Vioxx was unduly dangerous in its' expected use and did cause undue injury to the Plaintiff.

38.   Defendant breached the implied warranty of merchantability because Vioxx cannot pass without objection in the trade, is unsafe, not merchantable, and unfit for its ordinary use when sold, and is not adequately packaged and labeled.

39.   As a direct and proximate result of the Defendant's breach of the warranty of merchantability, Plaintiff sustained serious and permanent injuries.

## COUNT V: BREACH OF EXPRESS WARRANTY

40.   Plaintiff restates each and every preceding allegation of this Complaint and incorporate each by reference as though set forth in full herein.

41.    Defendant expressly warranted to the market, including the Plaintiff, by and
through statements made by the Defendant or its' authorized agents or sales
representatives, orally and in publications, package inserts, and other written
materials to the health care community, that Vioxx was safe, effective, fit and
proper for its intended use.

42.    In using Vioxx, the Plaintiff relied on the skill, judgment, representations, and
foregoing express warranties of the Defendant. These warranties and
representations provided to be false because the product was not safe and was
unfit for the use for which it was intended.

43.    As a direct and proximate result of the Defendant's breach of warranties, the
Plaintiff was injured and suffered special and compensatory damages to be proven
at trial.

## COUNT VI: FRAUD

44.    Plaintiff restates each and every preceding allegation of this Complaint and
incorporate each by reference as though set forth in full herein.

45.    Defendant committed actual fraud by making material representations, which
were false, knowing that such material representations were false and/or with
reckless disregard for the truth or falsity of such material representations, with the

intent that the Plaintiff would rely on such material representations; Plaintiff acted in actual and justifiable reliance on such material misrepresentations and was injured as a result.

46.    In addition, and in the alternative if necessary, the Defendant knowingly omitted material information, which omission constitutes a positive misrepresentation of material fact, with the intent that the Plaintiff rely on Defendant's misrepresentations; Plaintiff acted in actual and justifiable reliance on Defendant's representations and was injured as a result.

47.    Defendant committed constructive fraud by breaching one or more legal or equitable duties owed to the Plaintiff relating to Vioxx at issue in this lawsuit, said breach or breaches constituting fraud because of its' propensity to deceive others or constitute an injury to public interests or public policy.

## COUNT VII: ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE (AEMLD)

48.    Plaintiff restates each and every preceding allegation of this Complaint and incorporate each by reference as though set forth in full herein.

49.    Defendant is liable to the Plaintiff who is a citizen of the State of Alabama ("Alabama Plaintiff") pursuant to the AEMLD. The Defendant is in the business of manufacturing, distributing, and marketing Vioxx. The

Defendant manufactured, distributed, and marketed Vioxx which was in a defective condition, and unreasonably dangerous when applied to its' intended use in the usual, foreseeable, and customary manner. Alabama Plaintiff, while consuming Vioxx in the usual and customary manner, as such was intended to be used, was injured and damaged as a proximate result of the Defendant placing the product on the market. Vioxx was unreasonably dangerous at the time such was placed on the market by the Defendant. Vioxx, at the time of Alabama Plaintiff's injuries and damages, was in substantially the same condition as when marketed by the Defendant.

50.   Defendant negligently or wantonly failed to give reasonable and adequate warning of dangers of Vioxx known to the Defendant, or which in the exercise of reasonable care should have been known to the Defendant, and which Alabama Plaintiff could not obviously discover.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, as well as all costs of this action, to the full extent of the law, including:

(a)   Damages to compensate Plaintiff for serious injuries sustained as a result of the use of Vioxx, past and future lost income, past and future medical expenses as proven at trial;

(b)   Physical pain and suffering of Plaintiff;

(c)    Mental anguish and/or emotional distress;

(d)    Permanent injury; and

(e)    Such other applicable damages as the Court deems appropriate.

Respectfully submitted,

Tom Dutton (ASB-2059-U50T)

Elisabeth French (ASB-3527-T81E)

Attorneys for Plaintiff

OF COUNSEL:
PITTMAN HOOKS DUTTON KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile
email: phdkh-efiling@pittmanhooks.com

## JURY DEMAND

Plaintiff hereby demands a struck jury for the trial in this cause.

Of Counsel for Plaintiff

## DEFENDANT TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:

Merck & Company, Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama  36109