**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

2006 MAY 23  P  2: 13

CURTIS TORBERT, an individual,  )
    Plaintiff,  )
                         )
v.  )
                         )  **Case No.: 3:06-cv-00410-MHT-SRW**
MERCK & CO., INC., a New Jersey  )
corporation,  )
    Defendant.  )
                         )
                         )

## ANSWER OF DEFENDANT MERCK & CO., INC.

COMES NOW Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned attorneys, and hereby answers Plaintiff's Complaint ("Complaint") as follows:

### Response to "Statement of the Parties"

1.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information set forth in paragraph 1 of the Complaint.

2.    Merck denies each and every allegation set forth in paragraph 2 of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers,

develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health. Merck further admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

## Response to "Factual Allegations"

3.     Merck denies each and every allegation contained in the first sentence of paragraph 3 of the Complaint and avers that Vioxx is the brand name for rofecoxib. Merck denies each and every allegation contained in the second sentence of paragraph 3 of the Complaint and avers that Merck sought and received the approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine Vioxx and, until the voluntary withdrawal of Vioxx on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA approved prescribing information. Merck respectfully refers the Court to the FDA prescribing information for Vioxx's indicated uses. Merck admits that Vioxx is a selective COX-2 inhibitor and that the mechanism of action of Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase 2 (COX 2).

4.     Merck denies each and every allegation set forth in paragraph 4

of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

5.    Merck denies each and every allegation set forth in paragraph 5 of the Complaint, except that Merck admits that it manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA, as safe and effective for certain indicated uses in a manner consistent with the information in the FDA-approved prescribing information for Vioxx.

6.    Merck denies each and every allegation set forth in paragraph 6 of the Complaint.

7.    Merck denies each and every allegation set forth in paragraph 7 of the Complaint.

8.    Merck denies each and every allegation set forth in paragraph 8 of the Complaint.

9.    Merck denies each and every allegation set forth in paragraph 9 of the Complaint.

10.    Merck denies each and every allegation set forth in paragraph

3

10 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck employed professional representatives to have product discussions concerning Vioxx with health care professionals.

11.    Merck denies each and every allegation set forth in paragraph 11 of the Complaint.

## Response to "Count I: Negligence"

12.    With respect to the allegations set forth in paragraph 12 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 11 of this Answer with the same force and effect as though set forth here in full.

13.    Merck denies each and every allegation set forth in paragraph 13 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

14.    The allegations set forth in paragraph 14 of the Complaint are

4

legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in this paragraph and respectfully refers the court to the relevant law governing Plaintiff's negligence claims.

15.    Merck denies each and every allegation set forth in paragraph 15 of the Complaint, including subparts a-i.

16.    Merck denies each and every allegation set forth in paragraph 16 of the Complaint.

17.    Merck denies each and every allegation set forth in the first sentence of paragraph 17 of the Complaint. The allegations in the second sentence of paragraph 17 are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the court to the relevant law governing Plaintiff's negligence claims.

### Response to "Count II: Failure to Warn"

18.    With respect to the allegations set forth in paragraph 18 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 17 of this Answer

with the same force and effect as though set forth here in full.

19.    Merck denies each and every allegation set forth in paragraph 19 of the Complaint.

20.    Merck denies each and every allegation set forth in paragraph 20 of the Complaint.

21.    Merck denies each and every allegation set forth in paragraph 21 of the Complaint.

22.    Merck denies each and every allegation set forth in paragraph 22 of the Complaint, including subparts a-c.

**Response to "Count III: Misrepresentation and Suppression"**

23.    With respect to the allegations set forth in paragraph 23 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 22 of this Answer with the same force and effect as though set forth here in full.

24.    Merck denies each and every allegation set forth in paragraph 24 of the Complaint.

25.    Merck denies each and every allegation set forth in paragraph

25 of the Complaint, including subparts a-e.

26.    Merck denies each and every allegation set forth in paragraph 26 of the Complaint.

27.    Merck denies each and every allegation set forth in paragraph 27 of the Complaint.

28.    Merck denies each and every allegation set forth in paragraph 28 of the Complaint.

29.    Merck denies each and every allegation set forth in paragraph 29 of the Complaint.

30.    The allegations set forth in paragraph 30 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in paragraph 30 of the Complaint.

31.    The allegations set forth in paragraph 31 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in paragraph 31 of the Complaint.

32.    Merck denies each and every allegation set forth in paragraph

32 of the Complaint.

     33.    Merck denies each and every allegation set forth in paragraph 33 of the Complaint.

## **Response to "Count IV: Breach of Warranty"**

     34.    With respect to the allegations set forth in paragraph 34 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 33 of this Answer with the same force and effect as though set forth here in full.

     35.    Merck denies each and every allegation set forth in paragraph 35 of the Complaint.

     36.    Merck denies each and every allegation set forth in paragraph 36 of the Complaint.

     37.    Merck denies each and every allegation set forth in paragraph 37 of the Complaint.

     38.    Merck denies each and every allegation set forth in paragraph 38 of the Complaint.

     39.    Merck denies each and every allegation set forth in paragraph

39 of the Complaint.

## Response to "Count V: Breach of Express Warranty"

40.    With respect to the allegations set forth in paragraph 40 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 39 of this Answer with the same force and effect as though set forth here in full.

41.    Merck denies each and every allegation set forth in paragraph 41 of the Complaint.

42.    Merck denies each and every allegation set forth in paragraph 42 of the Complaint.

43.    Merck denies each and every allegation set forth in paragraph 43 of the Complaint.

## Response to "Count VI: Fraud"

44.    With respect to the allegations set forth in paragraph 44 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 43 of this Answer with the same force and effect as though set forth here in full.

45.    The allegations set forth in paragraph 45 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in this paragraph.

46.    The allegations set forth in paragraph 46 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in this paragraph.

47.    The allegations set forth in paragraph 47 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in this paragraph.

## Response to "Count VII: Alabama Extended Manufacturer's Liability Doctrine (AEMLD)"

48.    With respect to the allegations set forth in paragraph 48 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 47 of this Answer with the same force and effect as though set forth here in full.

10

49.    Merck denies each and every allegation set forth in the first five sentences of paragraph 49 of the Complaint, except that it admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the sixth sentence of paragraph 49 of the Complaint.

50.    Merck denies each and every allegation set forth in paragraph 50 of the Complaint.

### Response to "Demand for Relief"

The allegations contained in the "Demand for Relief" section of the Plaintiff's Complaint are not allegations to which any responsive pleading is required. Should a response be deemed required, Merck admits that Plaintiff purports to demand judgment and certain forms of relief, but denies that there is any legal or factual basis for awarding same.

## As for Affirmative Defenses, Merck Alleges:

1.     The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

2.     The Complaint fails to state a claim upon which relief can be granted.

3.     The claims of the Plaintiff may be barred, in whole or in part, from recovery because Plaintiff has made statements or taken actions that preclude Plaintiff from asserting claims or constitute a waiver of Plaintiff's claims.

4.     The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

5.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

6.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

7.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

8.    To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

9.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the

result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

10.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

11.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

12.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

13.    To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

14.    To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Alabama law.

15.    Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b) and Alabama Rule of Civil Procedure 9(b).

16.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

17.   Plaintiff's claims are barred in whole or in part by the First Amendment.

18.   Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

19.   There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

20.   This case may be more appropriately brought in a different venue.

21.   Venue in this case may be improper.

22.   The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, Plaintiff has brought actions and received judgments on parts of some or all claims asserted herein.

23.    The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

24.    The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to Plaintiff's claims.

25.    The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

26.    The claims of Plaintiff are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

27.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

28.    The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

29.    The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

30.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

31.    Plaintiff has not sustained any injury or damages compensable at law.

32.    Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

33.    Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

34.    Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

35.    Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

36.    Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:    Product Liability.

37.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

38.   To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

39.   Plaintiff's demand for punitive damages is barred because Vioxx and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

40.   To the extent Plaintiff makes a claim for punitive damages, Merck asserts that such Plaintiff has not complied with statutory requirements to recover punitive damages.

41.   To the extent Plaintiff's claims invoke punitive damages, such claims violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

    (a)   It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon a plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

20

(b)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *See Pacific Mut. Life Ins. Co. v. Haslip*, 111 S. Ct. 1032, 113 L. Ed. 2d 1.

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(g)    The retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10.

(h)    Plaintiff's claims for punitive damages violate the due process clause of Article I, Section 13 of the Constitution

21

of Alabama, on the following grounds:

(1)    It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil defendant upon a plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(2)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

(3)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(4)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(5)    The award of the punitive damages in this case constituted a deprivation of property without due process of law.

(i)    Plaintiff's attempt to impose punitive or extra-contractual damages on these defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

(j)    The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(k)    The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of

Alabama.

(l)     The award of punitive damages against these defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

(m)     The procedures pursuant to which punitive damages are awarded are vague and unpredictable such that they violate the defendant's right to defend himself pursuant to Article I, Section 10 of the Constitution of Alabama.

(n)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code, Section 27-1-17 (1975) in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Constitution of Alabama.

42.     Plaintiff's Complaint seeks to make Merck liable for punitive damages.   The United States Supreme Court has reversed the Alabama Supreme Court in the case styled *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996), on the issue of punitive damages.   Merck adopts by reference the defenses, criteria, limitations, and standards mandated by the United States Supreme Court decision in that case and in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); and any subsequent applicable decisions.

43.    Merck affirmatively pleads that any punitive damages that the Plaintiff may recover in this case should be capped in keeping with Alabama Code § 6-11-21, as amended in 1999 (Act. No. 99-358) and in the spirit of the Alabama Supreme Court's decision in *Oliver v. Towns*, 738 So. 2d 798 (Ala. 1999).

44.    The demand for punitive damages in the instant case is subject to the limitations established by the Alabama legislature and set forth in Ala. Code § 6-11-21 (1975).   Merck adopts by reference the defenses, criteria, limitations, and standards mandated by this Alabama statute.  The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and is without effect.  Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through this judicial decision.  *See Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415, 114 S. Ct. 2331, 2340 n.9 (1994).

45.    Merck avers that the punitive damage cap set out in Ala. Code § 6-11-21 (1975) applies to the instant case.  *See Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001).

46.    Merck avers that the punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur. *See TXO Prod. Corp. v. Alliance Resources Corp.*, 113 S. Ct. 2711 (1993).

47.    Merck avers that the method of imposing punitive damages violates Amendment 328, Section 6.11 of the Constitution of Alabama, which prohibits the use of a procedural rule to abridge, enlarge, or modify the substantive right of any party. *See Leonard v. Terminix Int'l Co.*, 854 So. 2d 529 (Ala. 2002).

48.    The imposition of punitive damages is an act of policy making on the part of the judiciary, in violation of Article III, Section 43 of the Constitution of Alabama.

49.    Merck adopts the terms of any applicable legislative act or Alabama Supreme Court decision which now or hereafter precludes punitive damages or limits the amount of punitive damages that can be recovered in an action at law in Alabama.

56.    To the extent there were any risks associated with the use of Vioxx which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings.

57.    The public interest and benefit in the availability of Vioxx preclude liability of Merck for any risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiff's claims, if it is determined that there is a risk inherent in Vioxx, then such risk, if any, is outweighed by the benefits of Vioxx.

58.    Merck denies that Vioxx was unreasonably dangerous, defective, or that Vioxx created any liability under the Alabama Extended Manufacturer's Liability Doctrine.

59.    Plaintiff's claims based on breach of warranty and negligence are subsumed by the Alabama Extended Manufacturer's Liability Doctrine.

27

50.   To the extent that Plaintiff relied upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

51.   Plaintiff's claims are barred by the Statute of Frauds.

52.   Plaintiff cannot show reasonable reliance as a matter of law.

53.   Merck denies that it was guilty of any actionable negligence, denies that Plaintiff was injured thereby, and denies the existence of any proximate cause to the alleged damages.

54.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

55.   Plaintiff, knowing the nature and properties of Vioxx, consented to use Vioxx, and accordingly Merck cannot be held liable.

60.    To the extent that Plaintiff's claims and allegations against Merck relate to mere puffery that is not misleading to a reasonable person, such claims are not actionable.

61.    With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice.

62.    Merck pleads the general issue and denies that it was liable or responsible for any alleged damages to Plaintiff.

63.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent

liability defenses ascertained through further investigation and discovery in this action.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Respectfully submitted,

Philip H. Butler (BUTL1716)
William C. McGowin (MCGOW6770)
George R. Parker (PARKG2248)
BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: pbutler@bradleyarant.com
          wmcgowin@bradleyarant.com
          gparker@bradleyarant.com
Attorneys for Defendant Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing on:

> Tom Dutton
> Elisabeth French
> PITTMAN HOOKS DUTTON KIRBY & HELLUMS, P.C.
> 2001 Park Place North
> 1100 Park Place Tower
> Birmingham, Alabama 35203
> (205) 322-8880
> (205) 328-2711 (Fax)
> E-mail: phdkh-efiling@pittmanhooks.com

by placing copies of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing address, on this __23__ day of May, 2006.

_____
OF COUNSEL