**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

RECEIVED
2006 MAY 23 P 2: 13
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**CURTIS TORBERT, an individual,**

**Plaintiff,**

**v.**

**MERCK & CO., INC., a New Jersey corporation,**

**Defendant.**

**Case No.: 3:06-cv-00410-MHT-SRW**

**MOTION BY DEFENDANT MERCK & CO., INC. TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**INTRODUCTION**

Defendant Merck & Co., Inc. ("Merck") moves this Court to stay all proceedings in this action pending its likely transfer to *In re VIOXX Marketing, Sales Practices & Products Liability Litigation,* MDL No. 1657, the multidistrict litigation ("MDL") proceeding that has been established in the Eastern District of Louisiana to coordinate all product liability actions involving Vioxx® (the "Vioxx product liability actions"). *See In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005) ("Transfer Order").

## BACKGROUND

### A. MDL-1657

On February 16, 2005 the Judicial Panel on Multidistrict Litigation (the "MDL Panel" or "Panel") issued a transfer order establishing MDL Proceeding No. 1657, *In re Vioxx Products Liability Litigation*. The transfer order directed that the 148 actions that were the subject of the original motions for coordinated treatment pursuant to 28 U.S.C. § 1407 be transferred for coordinated pretrial proceedings in the United States District Court for the Eastern District of Louisiana, before the Honorable Eldon E. Fallon. *In re VIOXX Prods. Liab. Litig.*, 360 F. Supp. 2d at 1352.[1] In the transfer order, the Panel held:

> On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions focus on the alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. Centralization under Section 1407 is necessary in

[1] In its December 6, 2005 Order Denying Motion for Reconsideration, the Panel changed the caption of MDL-1657 to *In re VIOXX Marketing, Sales Practices and Products Liability Litigation* in order to "more accurately reflect the scope of this litigation."

> order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

*Id.* at 1353-54. The MDL Panel also held that the "nearly 300 potentially related actions pending in multiple federal districts . . . will be treated as potential tag-along actions." *Id.* at 1353 n.1.

There is currently a process in place for effecting transfer to Judge Fallon's court of related Vioxx product liability actions quickly and efficiently. Merck's counsel, in a written submission known as a "tag-along letter," notifies the Panel twice a week of newly filed related actions and developments in actions still under Panel consideration. The Panel has been issuing conditional transfer orders transferring actions to Judge Fallon's court based on the information contained in these tag-along letters. Since the first transfer order was issued on February 16, 2005, more than 4,000 cases have been transferred to or filed directly in the MDL proceeding.

**B. <u>The Instant Action</u>**

On or about May 5, 2006, Plaintiff commenced this action against Merck by filing a Complaint in the United States District Court for the Middle District of Alabama, Eastern Division, bearing Civil Action Number 3:06-cv-0410-WKW. On or about May 9, 2006, Merck was served with a

copy of Plaintiff's Complaint. Merck has filed an Answer and jury demand. There is no dispute that this case involves the same factual inquiries that the Panel noted were present in the Vioxx product liability actions generally, thereby warranting coordinated pre-trial proceedings in the Eastern District of Louisiana. Specifically, it is clear from the face of the Complaint that this case, like the other Vioxx product liability actions, focuses on the alleged increased health risks (including heart attack and stroke) of taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. For example, the Plaintiff in this action alleges that "[d]espite knowledge in its clinical trials and post-marketing reports, studies and information relating to cardiovascular-related adverse health effects, the Defendant promoted, marketed, distributed and/or prescribed Vioxx as safe and effective for persons such as the Plaintiff." (Compl., ¶ 5).

On May 12, 2006, Merck, pursuant to Rule 7.5(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("R.P.J.P.M.L."), provided notice to the MDL Panel of the pendency of this "tag-along" action and has furnished the Panel with a copy of the docket sheet and complaint in this action. (See Exh. A. at 1.) Merck expects a conditional transfer order to be issued by the MDL Panel in this action within the next few weeks. Once

the conditional transfer order is issued, Plaintiff has fifteen days to object to transfer in accordance with R.P.J.P.M.L. 7.4(c).[2] Assuming Plaintiff does not object to the transfer order within this fifteen-day period, the transfer order will be filed in Judge Fallon's court shortly thereafter and jurisdiction over the case will be transferred to Judge Fallon's court.

## ARGUMENT

The Court should exercise its discretion to stay all further proceedings in this action pending its likely transfer to MDL-1657. The authority of a federal court to stay proceedings is well-established. *Landis v. North Am.*

---

[2] In the event Plaintiff chooses to object to transfer to MDL-1657, there is a separate procedure for filing objections to the transfer with the MDL Panel. The issue of whether the case should be transferred would be set for the next available Panel hearing session. Given the overlapping factual issues this case appears to have with those already in the MDL proceedings, any opposition would almost certainly be futile. In fact, to date, the Panel has rejected each and every motion to vacate a conditional transfer order that it has taken under consideration. The Panel, in every Transfer Order since the inception of MDL-1657, has considered and rejected a wide range of arguments made by plaintiffs who opposed Conditional Transfer Orders. *See* June 20, 2005 Transfer Order (attached hereto as Exh. B) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Orders No. 1 and 2); Aug. 11, 2005 Transfer Order (attached hereto as Exh. C) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Orders No. 5, 6, and 9); Sept. 13, 2005 Transfer Order (attached hereto as Exh. D) (rejecting the argument of plaintiff who opposed Conditional Transfer Order No. 8); Oct. 21, 2005 Transfer Order (attached hereto as Exh. E) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Orders 11, 14, 15, 17 and 19); Dec. 2, 2005 Transfer Order (attached hereto as Exh. F) (rejecting the arguments of parties who opposed Conditional Transfer Order Nos. 19, 20, 21, 22, and 23); Feb. 15, 2006 Transfer Order (attached hereto as Exh. G) (rejecting the arguments of parties in *Wilkes v. Merck & Co., Inc.*, CV-2:051241-RRA (N.D. Ala. June 30, 2005), who opposed Conditional Transfer Order No. 27); Apr. 11, 2006 Transfer Order (attached hereto as Exh. H) (rejecting the arguments of parties who opposed Conditional Transfer Order Nos. 32 – 37).

*Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *accord Denny v. Merck & Co., Inc.*, No. 04 Civ. 0526, slip op. (S.D. Tex. Dec. 6, 2004) ("[t]he power to stay all proceedings is well established"). Courts analyze three factors when determining whether to issue a stay of proceedings pending the MDL Panel's decision on transfer, namely (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Federal courts throughout the country with pending Vioxx product liability actions have analyzed the above-referenced factors in determining whether a stay of proceedings pending the MDL Panel's decision as to transfer is appropriate. To date, an overwhelming majority of these courts has issued stays. *See, e.g., In re Civil Actions Against Merck & Co., Inc.,* No. 05 Civ. 6659 at *5 (W.D.N.Y. Mar. 1, 2006) (granting Merck's motion for stay in 70 separate cases, finding that "the objectives of the MDL process – namely the avoidance of inconsistent rulings and the conservation of

judicial resources – are best met by allowing the MDL Court to decide plaintiff's motion to remand"); *Hatch v. Merck & Co., Inc.*, No. 05 Civ. 1252, 2005 WL 2436716, at *2 (W.D. Tenn. Oct. 3, 2005) (granting Merck's stay, holding that "having the . . . issues decided in one proceeding will promote judicial economy and conserve judicial resources"); *see also Euell v. Merck & Co., Inc.*, 05 Civ. 1497, 2005 WL 2348487, at *1 (E.D. Mo. Sept. 26, 2005) ("The Court finds Defendant Merck's judicial economy argument persuasive and concludes that . . . Merck's Motion will be granted."); *Falick v. Merck & Co., Inc.*, No. 04 Civ. 3006, slip op. at *2 (E.D. La. Jan. 3, 2005) ("Considering the multitude of cases currently stayed due to the pending MDL coordination, the Court finds that staying proceedings will serve the interests of judicial economy."); *Gaffney v. Merck & Co., Inc.*, No. 05 Civ. 1183, 2005 WL 1700772, at *1 (W.D. Tenn. July 19, 2005) (same); *Walker v. Merck & Co., Inc.*, No. 05 Civ. 360, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005) (same).

Alabama federal courts have similarly issued stays, in some instances over the objections of plaintiffs' counsel. *See, e.g., Faircloth v. Merck & Co., Inc., et al.*, CV-2:06-184-RDP (N.D. Ala. Mar. 3, 2006) (upholding decision to stay case over plaintiff's objection); *Jones v. Merck & Co., Inc.*, CV-2:05-427-RDP (N.D. Ala. Apr. 25, 2005) (granting Merck's motion to

stay over objection of plaintiff's counsel); *King v. Merck & Co., Inc.*, CV-2:05-165-T (M.D. Ala. Apr. 26, 2005) (granting Merck's motion to stay with a motion to remand pending); *Wilkes v. Merck & Co., Inc.*, CV-2:051241-RRA (N.D. Ala. June 30, 2005) (granting motion to stay over plaintiffs' objections and finding that MDL court should hear motion to remand to keep rulings on similar motions consistent); *Woods v. Merck & Co., Inc.*, CV-05-0425-CG-M (S.D. Ala. Aug. 17, 2005) (same) (attached collectively as Exhibit I).

**A. <u>Judicial Economy Mandates a Stay.</u>**

Granting a stay of proceedings here will promote judicial economy. The purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common facts in a just and efficient manner. *See* 28 U.S.C. § 1407(a). Where, as here, the MDL Panel has already coordinated Vioxx product liability actions before Judge Fallon in the Eastern District of Louisiana, there is no question that a stay of these proceedings will promote judicial economy. *See Euell*, 2005 WL 2348487, at *1 ("This case involves the same factual inquiries that are present in the other hundreds of VIOXX cases . . . the Court . . . concludes that judicial economy weighs in favor of granting the requested stay."); *see also Mathern v. Wyeth*, No. 04 Civ. 2116, 2004 WL 1922028, at *1 (E.D. La. Aug. 25,

2004); *Knearem v. Bayer Corp.*, 02 Civ. 2096, 2002 WL 1173551, at *1 (D. Kan. May 7, 2002) (attached collectively as Exhibit J).

It is well settled that a district court is best served not expending resources "familiarizing itself with the intricacies of an action that will be coordinated for pretrial management before a transferee judge." *Rivers*, 980 F. Supp. at 1360; *see also Gorea v. Gillette Co.*, No. 05 Civ. 2425, 2005 WL 2373440, at *1 (W.D. Tenn. Sept. 26, 2005) ("a stay is warranted in this case . . . the court would have to use judicial resources in making rulings . . . in a case over which it might ultimately lose jurisdiction"). Granting a stay of this action pending its inevitable transfer to MDL-1657 will conserve the resources of this court and prevent duplicative discovery and pretrial management efforts. *See Rivers*, 980 F. Supp. at 360 ("any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge assigned to handle the consolidated litigation"); *see also, U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. 02 Civ. 853, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) ("if the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted").

**B. Merck Will Be Prejudiced Absent a Stay.**

The prejudice to Merck absent a stay far outweighs any perceived or potential prejudice to Plaintiff if a stay is granted. *See American Seafood, Inc. v. Magnolia Processing,* Nos. 92 Civ. 1030, 92 Civ. 1086, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("The duplicative motion practice and discovery proceedings demonstrate that . . . prejudice to the defendants weigh heavily in favor of a stay."). There are currently over 4,000 Vioxx actions being coordinated in MDL-1657. If individual district courts allowed cases to proceed in the short window between the time cases were filed in or removed to individual federal district courts and they were transferred to Judge Fallon, Merck would be unnecessarily prejudiced. Plaintiffs would be free to pursue a strategy of aggressively litigating, and getting discovery in, hundreds of individual cases for the period of weeks it takes for cases that inarguably meet the section 1407 transfer standard to be transferred to Judge Fallon's court. Judge Fallon has established detailed protocols to manage the litigation through the disposition motion phase. Merck should not be forced to engage in unnecessary and duplicative discovery and motion practice. *See Wilbanks v. Merck & Co., Inc.*, No. 05-Civ. 1241, 2005 WL 2234071, at *1 (W.D. Tenn. Sept. 13, 2005) (granting a stay, holding that "in the absence of a stay, the risk to Merck of duplicative

motions and discovery is significant"); *see also Gorea*, 2005 WL 2372440, at *1 ("whereas without a stay [pending transfer to the MDL court], the burden on Gillette of having to . . . engage in limited discovery . . . would be significant").

The potential prejudice to Plaintiff if the action is stayed is non-existent. Plaintiff has expended limited resources to date, this action is still in its infancy, and discovery has not yet begun. Whatever limited discovery could take place in the next several weeks will be wholly subsumed and superseded by the discovery that will take place in the MDL. Thus, Plaintiff will not suffer prejudice as a result of a stay.

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that this Court grant this motion to stay all proceedings in this case pending transfer to the MDL proceeding that has been established in the Eastern District of Louisiana.

DATED this the ____ day of May 2006.

______________________________

George R. Parker (PARKG2248)
One of the Attorneys for
Defendant Merck & Co., Inc.

motions and discovery is significant"); *see also Gorea*, 2005 WL 2372440, at *1 ("whereas without a stay [pending transfer to the MDL court], the burden on Gillette of having to . . . engage in limited discovery . . . would be significant").

The potential prejudice to Plaintiff if the action is stayed is non-existent. Plaintiff has expended limited resources to date, this action is still in its infancy, and discovery has not yet begun. Whatever limited discovery could take place in the next several weeks will be wholly subsumed and superseded by the discovery that will take place in the MDL. Thus, Plaintiff will not suffer prejudice as a result of a stay.

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that this Court grant this motion to stay all proceedings in this case pending transfer to the MDL proceeding that has been established in the Eastern District of Louisiana.

DATED this the ____ day of May 2006.

Respectfully submitted,

George R Parker

Philip H. Butler (BUTL1716)
William C. McGowin (MCGOW6770)
George R. Parker (PARKG2248)
BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: pbutler@bradleyarant.com
wmcgowin@bradleyarant.com
gparker@bradleyarant.com

Attorneys for Defendant Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served the above and foregoing on:

Tom Dutton
Elisabeth French
PITTMAN HOOKS DUTTON KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 (Fax)
E-mail: phdkh-efiling@pittmanhooks.com

by placing copies of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing address, on this 23 day of May, 2006.

George R. [signature]
OF COUNSEL