**EXHIBIT B**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 20 2005

FILED
CLERK'S OFFICE

DOCKET NO. 1657

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,\* ROBERT L. MILLER, JR., KATHRYN H. VRATIL\* AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in the 34 actions listed on Schedule A to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Merck & Co., Inc., opposes the motions and favors inclusion of these actions in the centralized pretrial proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana, and that transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Any pending motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims of liability for allegedly adverse effects arising from the ingestion of Vioxx. *See In re Vioxx Products Liability Litigation*, 360 F.Supp.2d 1352 (J.P.M.L. 2005).

To the Kentucky plaintiff who argues that she does not have the resources to litigate this matter in the Eastern District of Louisiana, we emphasize that since Section 1407 transfer is for pretrial proceedings, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See, e.g.,* Fed.R.Civ.P. 45(c)(3)(A). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district. And it is logical to assume that prudent counsel will combine their forces and

---

\* Judges Motz and Vratil took no part in the decision of this matter.

- 2 -

apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary. This streamlining combined with the uniform case management approach already instituted by the transferee judge will foreseeably lead to an overall savings in transaction costs. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415, 422 (J.P.M.L. 1991).

To the Pennsylvania plaintiff who asserts that her action presents unique additional claims or factual questions rendering inclusion of the action in MDL-1657 unnecessary or inadvisable, and the Texas plaintiffs who argue against inclusion of their action in MDL-1657 because of the advanced stage of proceedings in this action, we believe that further refinement of the issues and close scrutiny by the transferee judge provide the better course. Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT IS FURTHER ORDERED that Panel Rule 1.6(a), R.P.J.P.M.L., 199 F.R.D. at 428, regarding transfer of files is suspended for this docket.[1]

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

---

[1] This Panel rule requires clerks of transferor district courts to forward to the clerk of the transferee district court the complete original file and docket sheet for each transferred action. Because of the voluminous files in this docket, we are suspending this rule. Instead, we will rely on the judgment of the transferee judge to request from the transferor district clerks or the parties whatever case files and docket sheets he needs.

# SCHEDULE A

### MDL-1657 -- In re Vioxx Products Liability Litigation

#### Middle District of Alabama

*Yolanda King v. Merck & Co., Inc., et al.*, C.A. No. 2:05-165

#### District of Arizona

*Wayne Young v. Merck & Co., Inc.*, C.A. No. 2:05-307

#### Middle District of Florida

*Amparo Alvarez v. Merck & Co., Inc., et al.*, C.A. No. 6:05-171
*Nelson Oquendo, et al. v. Merck & Co., Inc., et al.*, C.A. No. 6:05-172
*Gloria Hernandez v. Merck & Co., Inc., et al.*, C.A. No. 6:05-221
*Dallas Childers, et al. v. Merck & Co., Inc., et al.*, C.A. No. 6:05-222
*Maria Diaz, et al. v. Merck & Co., Inc., et al.*, C.A. No. 6:05-239
*Brenda Jurado v. Merck & Co., Inc., et al.*, C.A. No. 8:05-224
*Felix Carvajal, et al. v. Merck & Co., Inc., et al.*, C.A. No. 8:05-276

#### Northern District of Illinois

*Kathleen Brown, etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:05-1092

#### Southern District of Illinois

*Gerald Sumner, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-864
*Ida Akins v. Merck & Co., Inc., et al.*, C.A. No. 3:05-39

#### Eastern District of Kentucky

*Jacquelyn Washburn, etc. v. Merck & Co., Inc.*, C.A. No. 5:05-47

- A2 -

### Eastern District of Missouri

*Theresa Tuma, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-83
*Celestine Dale, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-84
*Debra Raymo, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-85
*Vernon Andrews, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-86
*Carol Thomas, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-87
*Sammy L. Underwood, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-88
*Arline Anderson, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-89
*Edna McGhee, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-90
*Regina Menderski, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-92
*Mary Stewart, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-93
*Gloria Singleton, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-94
*Kenneth Britton, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-96
*James Cerutti, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-97
*Arthur Hale, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-300
*Marlene Harris, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-301
*Sineria Jones, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-303
*Lois Wolz, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-307

### Northern District of New York

*Richard F. Core, et al. v. Merck & Co., Inc., et al.*, C.A. No. 5:04-1367

### Northern District of Oklahoma

*Tommy Lee v. Merck & Co., Inc.*, C.A. No. 4:04-930

### Western District of Pennsylvania

*Judith E. Orie, M.D. v. Merck & Co, Inc.*, C.A. No. 2:04-1886

### Southern District of Texas

*Felicia Garza, et al. v. Merck & Co., Inc., et al.*, C.A. No. 7:05-17