STAY

## U.S. District Court
## Northern District of Alabama (Southern)
## CIVIL DOCKET FOR CASE #: 2:06-cv-00184-RDP

Faircloth v. Merck & Company, Inc.
Assigned to: Judge R David Proctor
Cause: 28:1441 Petition for Removal- Wrongful Death

Date Filed: 01/27/2006
Jury Demand: Both
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

**Plaintiff**

**Martha H Faircloth**
*as the Personal Representative and Administratrix fo the Estate of James R. Faircloth, Jr., Deceased*

represented by **Timothy C Davis**
HENINGER BURGE VARGO & DAVIS
2146 Highland Avenue, South
Birmingham, AL 35205
933-2345
Email: lexi@hbvdlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**W Lewis Garrison, Jr**
GARRISON SCOTT PC
2224 First Avenue North
PO Box 11310
Birmingham, AL 35202
205-326-3336
Email: wlgarrison@gsattys.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Merck & Company, Inc.**
*a Foreign Corporation*

represented by **Anne Marie Seibel**
BRADLEY ARANT ROSE & WHITE
PO Box 830709
Birmingham, AL 35283-0709
521-8000
Email: aseibel@bradleyarant.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Brislin Mitchell**
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North, Seventh Floor
PO Box 830709
Birmingham, AL 35283-0709
205-521-8360
Fax: 205-488-6360
Email: emitchell@bradleyarant.com
*LEAD ATTORNEY*

EXHIBIT
5
ALL-STATE LEGAL®

*ATTORNEY TO BE NOTICED*

**F Wendell Allen**
BRADLEY ARANT ROSE & WHITE
PO Box 830709
Birmingham, AL 35283-0709
521-8000
Email: wallen@bradleyarant.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**F M Haston, III**
BRADLEY ARANT ROSE & WHITE
PO Box 830709
Birmingham, AL 35283-0709
521-8000
Email: thaston@bradleyarant.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/27/2006 | 1 | NOTICE OF REMOVAL by Merck & Company, Inc., from the Circuit Court of Jefferson County, Alabama, case number CV-06-27. ( Filing fee $ 250.00, receipt # 200 222704 ), filed by Merck & Company, Inc. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D)(KSS, ) (Entered: 01/27/2006) |
| 01/27/2006 | 2 | ANSWER to Complaint (Notice of Removal) jury demand by Merck & Company, Inc.. (KSS, ) (Entered: 01/27/2006) |
| 01/27/2006 | 3 | NOTICE of Corporate Disclosure by Merck & Company, Inc. (KSS, ) (Entered: 01/27/2006) |
| 01/27/2006 | 4 | MOTION to Stay all Proceedings Pending Transfer Decision by the Judical Panel on Multidistrict Litigation by Merck & Company, Inc. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G)(KSS, ) (Entered: 01/27/2006) |
| 01/30/2006 | | ORDER granting 4 Motion to Stay all proceedings pending transfer decision by the Judicial Panel on MDL. Signed by Judge R David Proctor on 01/30/06. (SFR, ) (Entered: 01/30/2006) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/30/2006 09:45:24 | | |
| **PACER Login:** ba0105 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** 2:06-cv-00184-RDP | |
| **Billable Pages:** 1 | **Cost:** 0.08 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

STEPHANIE JONES, et al.,                    )
                                            )
            Plaintiffs,                     )
                                            )
v.                                          )            Case No.: 2:05-CV-427-RDP
                                            )
MERCK & COMPANY, INC., et al.,              )
                                            )
            Defendants.                     )

## ORDER

Pending before the court are Plaintiff's Motion to Reconsider Order Granting Defendant's Motion to Stay and Motion for Oral Argument (Doc. #20) filed on April 15, 2005, and Defendant Merck & Co., Inc.'s Opposition to Plaintiff's Motion to Reconsider Order Granting Defendant's Motion to Stay (Doc. #22) filed on April 22, 2005. Plaintiff's Motion to Reconsider Order Granting Defendant's Motion to Stay and Motion for Oral Argument is GRANTED IN PART and DENIED IN PART. More specifically, Plaintiff's Motion for Oral Argument is GRANTED as the court held a telephone conference in this case on April 25, 2005, beginning at 2:00 p.m.

However, with respect to Plaintiff's Motion to Reconsider Order Granting Defendant's Motion to Stay, as discussed during the conference call, the court recently received a letter from the Judicial Panel on Multidistrict Litigation dated April 5, 2005, enclosing a copy of the conditional transfer order relating to the transfer of this case to MDL-1657–*In re Vioxx Products Liability Litigation*. In light of this development and for the reasons set forth in Defendant Merck & Co., Inc.'s Opposition to Plaintiff's Motion to Reconsider Order Granting Defendant's Motion to Stay, Plaintiff's Motion to Reconsider Order Granting Defendant's Motion to Stay is DENIED.

DONE and ORDERED this _____25th_____ day of April, 2005.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

2

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| YOLANDA KING, | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:05cv165-T |
| | ) | (WO) |
| MERCK & COMPANY, INC., a | ) | |
| foreign corporation, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

It is ORDERED that Merck & Co, Inc.'s motion to stay
(Doc. No. 8) is granted and that this cause is stayed
pending a decision by the MDL panel as to whether this case
should be transferred to an MDL court.

DONE, this the 26th day of April, 2005.

_/s/ Myron H. Thompson_
UNITED STATES DISTRICT JUDGE

FILED
2005 Jun-30 AM 10:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| JUANELL Y. McBRAYER WILKES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 05-RRA-1214-S |
| | ) | |
| MERCK & CO., INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER
(Re Defendants' Motion to Stay, ct. doc. 5; Plaintiff's Motion to Remand, ct. doc. 7 )

The complaint and the parties' submissions concerning the above-stated motions have been studied. The plaintiffs allege that the treating resident physicians knew sufficient information about Vioxx and Celebrex to appreciate that neither should have been prescribed to the plaintiffs. They also contradictorily allege that Merck concealed material information from the physician defendants, who would have acted differently if properly warned regarding the risk and dangers associated with Vioxx and Celebrex. Moreover, the plaintiffs' only allegation against the physicians is the conclusory allegation that they "negligently, wantonly, and/or wrongfully prescribed and/or provided samples of the brand-name prescription drugs Vioxx and Celebrex to the plaintiffs with actual and/or constructive knowledge of the risk and dangers associated with the use of Vioxx and Celebrex." *Complaint* ¶ 63. Under Alabama law,

> In any action for injury, damages, or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care the plaintiff shall include in the complaint a detailed specification and a factual description of each act and omission alleged by plaintiff to render the health

> care provider liable to plaintiff and shall include when feasible and ascertainable the date, time, and place of the act or acts. . . . any complaint which fails to include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief may be granted.

Ala. Code § 6-5-551. It is noted that numerous cases against Merck have been filed in this court and have been transferred to the MDL court.

Because of the contradictory allegations against the physician defendants, and the failure of the complaint to comply with Alabama law concerning specificity in making allegations against physicians, it appears to be a good possibility that it will be determined that the individual defendants were fraudulently joined. If it were <u>clear</u> that these physicians were not fraudulently joined, and if judges from this district were ruling on the motions to remand, this motion to stay might be denied and the motion to remand ruled on. The opposite being the event, and in order to have consistent rulings, the motion to stay is **GRANTED**, and all proceedings in this case, including the motion to remand, are **STAYED** pending action by the MDL court.

DONE this 30th day of June, 2005.

ROBERT R. ARMSTRONG, JR.
UNITED STATES MAGISTRATE JUDGE

-2-

-3-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARGUERITE WOODS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 05-0425-CG-M |
| | ) |
| MERCK & CO., INC., et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

This matter is before the court on motion of defendant, Merck & Co., Inc. ("Merck"), to stay to allow transfer to the MDL (Doc. 3), plaintiff's response (Doc. 15), and plaintiff's motion to remand and for expedited hearing (Doc. 14). For reasons discussed below, the court finds that a stay is appropriate.

Merck removed this case to this court claiming diversity jurisdiction in that the resident defendants were fraudulently joined. Plaintiff contends that Merck has not demonstrated that plaintiff has failed to establish a colorable claim against the resident defendants. As a result, plaintiff asserts that the action should be remanded. Plaintiff cites similar cases in this district as well as other districts in Alabama which have concluded that remand was appropriate. However, the court notes that this court has also found it appropriate to stay such actions in the past. For instance, this court stayed the proceedings in Faith Beverly et al. v. Wyeth, et al., 03-cv-0866-CB-C (S.D. Ala.) stating the following:

> A district has the authority to stay proceedings in cases pending before it.
> Landis v. North American Co., 299 U.S. 248 (1936); CTI-Container Leasing Corp. v.
> Uiterwyk, 685 F.2d 1284 (11th Cir. 1982). "[T]he power to stay proceedings is

incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis, 299 U.S. at 166. This authority extends to cases in which a transfer decision by the MDL Panel is pending. [Footnote: The existence of a conditional transfer order does not divest the transferor court of jurisdiction, 18 U.S.C. § 1407; JPML Rule 1.5.] See, e.g., Hertz Corp. v. The Gator Corp., 250 F.Supp.2d 421, 424 (D.N.J. 2003). The existence of jurisdictional objections do not affect either the transferor court's ability to issue a stay or the MDL Panel's authority to transfer an action. Moore v. Wyeth-Ayerst Laboratories, 236 F.Supp.2d 509, 512 (D. Md. 2002).

A stay of proceedings in potential MDL cases is appropriate when it promotes judicial economy and efficiency, Rivers v. Walt Disney Co., 908 F.Supp. 1358, 1360 (C.D. Cal. 1997). When jurisdictional issues are raised that may arise "in hundreds or even thousands of cases throughout the nation. . . consistency as well as economy [are]. . . served" by having those issues decided by a single court. In re Ivy, 901 F.2d 7, 9 (2nd Cir. 1990); accord In re Air Crash Disaster at Florida Everglades, 368 F.Supp. 812 (J.P.M.L. 1973). Consequently, a stay is proper where the motion to remand raises issues that have been or are likely to be decided by the transferee court. See, e.g., Gonzalez v. American Home Products Corp., 223 F.Supp.2d 803 (S.D. Tex. 2002) (granting motion to stay despite pending motion to remand because dispositive issue was probably common to other related MDL cases); Moore, 236 F.Supp.2d at 510-11 (granting motion to stay where transferee court had already decided similar motions to remand); Medical Society of State of New York v. Connecticut General Corp., 187 F.Supp.2d 89 (S.D.N.Y. 2001) (same); but see Shields v. Bridgestone/ Firestone, Inc., 232 F.Supp.2d 715 (E.D. Tex. 2002) (denying motion to stay and deciding motion to remand in case pending MDL transfer); Good v. Prudential Ins. Co. of America, 5 F.Supp.2d 804 (N.D. Cal. 1998) (same).

The jurisdictional issue in this case is whether the individual defendants, who are current or former sales representatives for Wyeth, were fraudulently joined to defeat federal subject matter jurisdiction. Motions to remand involving fraudulent joinder have been addressed numerous times by the transferee court. See, e.g., In re Diet Drugs Liability Litigation, ___ F.Supp.2d ___, 2003 WL 22931359 (E.D. Pa. July 30, 2003); id., 2003 WL 21973329 (E.D. Pa. June 12, 2003) (applying Alabama law to case removed from Alabama state court); id. 220 F.Supp.2d 414 (E.D. Pa. 2002); id. 2000 WL 1886594 (E.D. Pa. Dec. 7, 2000); id. 2000 WL 217509 (E.D. Pa. Feb. 15, 2000); id. 1999 WL 554584 (E.D. Pa. July 16, 1999) (applying Alabama law to case removed from Alabama state court); id. 1999 WL 554608 (E.D. Pa. June 29, 1999); id. 1198 WL 254967 (E.D. Pa. Apr. 16, 1998). In fact, one of the transferee court's orders denying remand addressed the alleged fraudulent joinder of a pharmaceutical sales representative in a case removed from Alabama state court. In re Diet Drugs Liability Litigation, 2003 W. 21973329 (E.D. Pa June 12, 2003).

In the interest of judicial economy and to avoid inconsistent results, the motion to stay is hereby GRANTED. This stay will remain in effect until the Court is notified of the MDL Panel's decision as to whether to transfer this action.

Id. at Doc. 12, Order dated February 13, 2004. The undersigned judge agrees with the reasoning of the above quoted order and finds the analysis applicable to the instant case. Thus, the court finds it appropriate to stay this case.

### CONCLUSION

For the above stated reasons, defendant's motion to stay (Doc. 3) is GRANTED and this case is hereby STAYED. This stay will remain in effect until the court is notified of the MDL Panel's decision as to whether to transfer this action.

DONE and ORDERED this 17th day of August, 2005.

/s/  Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE